Allan Kassenoff, Esq.
161 Beach Avenue
Larchmont, NY 10538
kassenoffa@gtlaw.com
(917) 623-8353

Gus Dimopoulos, Esq.
Dimopoulos Bruggemann PC
73 Main Street
Tuckahoe, NY 10707
gd@dimolaw.com
(914) 472-4242

May 12, 2022

**VIA ELECTRONIC MAIL**

Harold R. Burke, Esq.
Law Offices of Harold R. Burke
P.O. Box 4078
Greenwich, CT 06830
Email: hrb@burke-legal.com

Re: *Catherine Kassenoff v. Allan Kassenoff et al.*
Case No. 7:22-CV-002162-KMK (S.D.N.Y.)

Dear Mr. Burke:

I am writing to follow up to my April 9, 2022 letter and pursuant to the Individual Rules of Practice of the Honorable Kenneth M. Karas. Specifically, with the Court's permission, Defendants will file a motion to dismiss the Complaint you filed on behalf of Ms. Catherine Kassenoff. As explained in my April 9 letter, this is not the first time that Ms. Kassenoff has asserted claims against Mr. Kassenoff based upon his alleged interception of her text messages with Ms. Cynthia Monaco via the synchronization of Ms. Kassenoff's iPhone and the parties' joint laptop. To wit, the Plaintiff, Ms. Catherine Kassenoff, and the Defendant, Mr. Allan Kassenoff, are in the midst of a contentious divorce action currently pending in the Supreme Court of Westchester County, *Kassenoff v. Kassenoff*, Index Number 58217/2019 (the "Matrimonial Action"). On June 5, 2019, Mr. Kassenoff filed a motion seeking, *inter alia*, temporary sole legal and physical custody of the parties' three young children. (NYSCEF # 39). In his affidavit in support of the motion, Mr. Kassenoff quoted from a few text messages that Ms. Kassenoff had exchanged with her friend Ms. Monaco to demonstrate that Ms. Kassenoff "has planned for divorce, and her bid for full custody of the children for quite some time, and plans to use [the parties' oldest child's] need for her approval, and her lying issues, as a weapon against [Mr. Kassenoff]." (NYSCEF # 5 at ¶ 15). Mr. Kassenoff further explained that "[b]ecause Catherine's Apple ID was associated with our laptop

1

for years, [he] was able to see her text messages. . . . It turns out that since October 2018, and perhaps earlier, she and her friend Cynthia Monaco have been planning this divorce." (*Id.*)

On March 9, 2020, Ms. Kassenoff filed a motion in the Matrimonial Action based upon Mr. Kassenoff's alleged "interception" of her text messages with Ms. Monaco (i.e., the "same transaction or series of transactions" that form the basis of the instant Action). On July 11, 2020, Judge Nancy Quinn Koba rendered her Decision and Order on Ms. Kassenoff's motion, denying it in its entirety. (NYSCEF # 864). Also, in July 2020, Judge Koba presided over a 2-week interim custody trial in July 2020. Following that trial, on August 17, 2020, Judge Koba issued a 46 page Decision and Order (NYSCEF # 878, the "August 2020 Decision"), which awarded Mr. Kassenoff temporary sole legal and physical custody over the parties' three young children, exclusive occupancy of the marital residence, and limited Ms. Kassenoff to only therapeutically supervised in-person visits with the children for two (2) hours twice per week, and fifteen (15) minutes of therapeutically supervised Zoom calls on the days that she does not have in-person visitation.

Following Judge Koba's August 2020 Decision, Mr. Kassenoff sincerely hoped that Ms. Kassenoff would get the help that she needed so that she could one day have a meaningful and healthy relationship with the children. But she has steadfastly refused. Instead, Ms. Kassenoff has opted to make it her life's mission to exact revenge upon each and every person involved in the Matrimonial Action that led to the loss of her children, including Judge Koba, Judge Lewis Lubell (another Westchester County divorce judge who presided over the Matrimonial Action in 2021), Carol Most (the attorney representing the Kassenoff children in the Matrimonial Action), Dr. Susan Adler (two of the Kassenoff children's therapist), Dr. Abrams (the Court-appointed neutral forensic therapist), Mr. Kassenoff, and co-Defendant Mr. Constantine G. Dimopoulos (Mr. Kassenoff's attorney in the Matrimonial Action).[1] The instant lawsuit is simply Ms. Kassenoff's latest (but likely not the last) attack in furtherance of her misguided vendetta.

Each of the claims in the Complaint in this Action must be dismissed for numerous reasons.

***First***, Plaintiff's claims under the Wiretap Act (18 U.S.C. § 2511) (Count 1) and the Stored Communication Act (18 U.S.C. § 2701) (Count 2) must both be dismissed as they were brought after their two-year statutes of limitations had already expired. 18 U.S.C. § 2520(e); 18 U.S.C. § 2707(f). It cannot be disputed that Ms. Kassenoff has known of the alleged facts supporting these claims – namely, Mr. Kassenoff's access to some of her text messages via the synchronization of Ms. Kassenoff's iPhone with the parties' joint laptop – at least as of June 5, 2019 (nearly three

---

[1] Upon information and belief, in addition to the instant Action, Ms. Kassenoff has filed (i) judicial complaints against both Judge Koba and Judge Lubell; (ii) a complaint against Ms. Most with the Second Department's Office of Attorneys for Children; (iii) complaints against Dr. Abrams with the Mental Health Professionals Certification Committee as well as with the NYS Office of Professional Discipline; (iv) a lawsuit against Dr. Adler in the Supreme Court of Westchester County (Index Number 67296/2021); (v) a lawsuit against Mr. Kassenoff and Mr. Dimopolous in the Supreme Court of Kings County (Index Number 522543/2020); and (vi) a grievance against Mr. Kassenoff with the Attorney Grievance Committee of the First Judicial Department. Ms. Kassenoff is also embroiled in litigation with Marcia Kusnetz, one of the 15 lawyers she has retained over the course of the Matrimonial Action. (*The Law Office of Marcia E. Kusnetz, P.C. v. Catherine Kassenoff*, Index Number 60707/2021).

years before she filed the instant Complaint), when Mr. Kassenoff files his motion seeking, *inter alia*, temporary sole legal and physical custody of the parties' children. (NYSCEF # 39). Furthermore, Ms. Kassenoff herself filed a motion in the Matrimonial Action based upon Mr. Kassenoff's alleged "interception" of her text messages with Ms. Monaco on March 9, 2020 – more than two years before she filed the instant Complaint on March 16, 2022. Because the two-year statutes of limitations had long since expired prior to the filing of the Complaint, Plaintiff's claims under 18 U.S.C. § 2511 (Count 1) and 18 U.S.C. § 2701 (Count 2) must be dismissed.

***Second***, Plaintiff's entire complaint must be dismissed under the doctrine of res judicata. "'[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Jacobson v. Fireman's Fund Insurance Co.*, 111 F.3d 261, 265 (2d Cir. 1997) (quoting *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). "When 'determin[ing] the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state.'" *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 192-93 (2d Cir. 2008) (quoting *Conopco, Inc. v. Roll lnt'l*, 231 F.3d 82, 87 (2d Cir. 2000)).

"In New York, res judicata, or claim preclusion, bars successive litigation based upon the 'same transaction or series of connected transactions' if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People v. Applied Card*, 11 N.Y.3d 105, 122 (N.Y. 2008) (citations omitted). "Res judicata is designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" *Hennessy v. Cement & Concrete Worker's Union Local 18A, of the Laborer's International Union*, 963 F. Supp. 334, 337 (S.D.N.Y. 1997) (alteration in original) (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 649, 58 L.Ed.2d 552 (1977)). In order to avoid this "burden of relitigating," courts in New York have consistently applied res judicata (as well as collateral estoppel) to Court orders regardless of whether or not the order constituted a final judgment. For example, the *Hennessy* Court rejected the plaintiff's argument "that res judicata does not bar this action because the order dismissing his state court complaint was not a final judgment, but rather a non-final order," holding that "[t]he requirement of finality for purposes of res judicata does not necessarily mean a final judgment in an action." 963 F. Supp. at 338; *see also id.* ("Finality for purposes of the various New York State appeal provisions is different from finality for purposes of res judicata."). As previously explained by the NY Court of Appeals, "[t]here is, moreover, cogent precedent for the proposition that an order made upon a motion provides such a 'judgment' as will bar relitigation under the doctrines of res judicata or collateral estoppel so long as the requisites of identity of issue and opportunity to contest are present." *Vavolizza v. Krieger*, 33 N.Y.2d 351, 356 (N.Y. 1974). In other words, "[w]here the dispositive directive is in the nature of an order rather than a judgment (such as a motion for summary judgment), the order will nonetheless be given preclusive effect if the doctrinal pre-requisites for res judicata are satisfied (identity of parties, identity of issues, opportunity to be heard, disposition on the merits, finality)." *Paar v. Bay Crest Ass'n*, 2014 N.Y. Slip Op. 30389, at *2 (N.Y. Sup. Ct. Feb. 6, 2014), *aff'd*, 140 A.D.3d 1137 (2d Dep't 2016)

It cannot be disputed that Plaintiff's claims under 18 U.S.C. § 2511 – "The Wiretap Act" (Count 1) and NY Penal Law Sec. 250 (Count 4) are barred under the doctrine of res judicata. To wit, Ms. Kassenoff brought the identical claims in the Matrimonial Action "based upon the 'same

3

transaction or series of connected transactions'" – namely, Mr. Kassenoff's alleged interception of Ms. Kassenoff's text messages, including with her friend Ms. Monaco, as a result of her iPhone becoming "synched" with the parties' joint laptop. Both requirements for applying res judicata are clearly met. First, the Supreme Court of New York ("a court of competent jurisdiction") entered a Decision and Order denying Ms. Kassenoff's motion in its entirety (i.e., Judge Koba fully adjudicated Ms. Kassenoff's claims by rendering "a judgment on the merits"). Second, Ms. Kassenoff ("the party against whom the doctrine is invoked") "was a party to the previous action."

The remaining claims asserted in the Complaint are similarly barred as they are all "based upon the 'same transaction or series of connected transactions.'" And, "[u]nder New York's transactional approach to res judicata issues, 'once a claim is brought to a final conclusion, *all other claims arising out of the same transaction or series of transactions are barred*, even if based upon different theories or if seeking a different remedy.'" *Fifty CPW Tenants Corp. v. Epstein*, 16 A.D.3d 292, 293 (1st Dep't 2005) (quoting *O'Brien v City of Syracuse*, 54 N.Y.2d 353, 357-58 (N.Y. 1981)) (emphasis added). "Pursuant to this approach, the doctrine bars not only claims that were actually litigated *but also claims that could have been litigated*, if they arose from the same transaction or series of transactions." *Marinelli Associates v. Helmsley-Noyes Co.*, 265 A.D.2d 1, 5 (1st Dep't 2000) (emphasis added).

***Third***, Plaintiff's claims under 18 U.S.C. § 2511 (Count 1) and New York Penal Law Section 250.05 (Count 4) are also barred under the doctrine of collateral estoppel. "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding *an issue* clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500 (N.Y. 1984) (emphasis added). Collateral estoppel applies when: "(1) *the issues* in both proceedings are identical, (2) *the issue* in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) *the issue* previously litigated was necessary to support a valid and final judgment on the merits." *Conason v. Megan Holding, LLC*, 25 N.Y.3d 1, 17, 6 N.Y.S.3d 206, 29 N.E.3d 215 (N.Y. 2015) (emphasis added) (internal quotation marks omitted).

As Judge Koba properly found, claims under 18 U.S.C. § 2511 (Count 1) and New York Penal Law Section 250.05 (Count 4) both require an "interception" of an electronic communication. (NYSCEF # 864 at 28). Furthermore, in denying Ms. Kassenoff's motion, Judge Koba held that "there is no evidence the subject text messages were contemporaneously intercepted during transmission." (*Id.*) Accordingly, Plaintiff is collaterally estopped from arguing that Mr. Kassenoff "intercepted" Ms. Kassenoff's text messages – a necessary element of both 18 U.S.C. § 2511 and New York Penal Law Section 250.05. Because this identical issue was already litigated and decided on the merits (which was necessary to support Judge Koba's Decision and Order) in a matter in which Ms. Kassenoff was a party and had a full and fair opportunity to litigate, Counts 1 and 4 should be dismissed for this additional reason.

***Fourth***, Plaintiff's Complaint fails to state a claim for trespass to chattels (Count 3). "Under New York law, a trespass to chattel is defined as an intentional use or 'intermeddling with a chattel in the possession of another' where 'the chattel is impaired as to its condition, quality, or value.'" *Gary Friedrich Ent., LLC v. Marvel Ents., Inc.*, 713 F. Supp. 2d 215, 230 (S.D.N.Y. May 3, 2010) (quoting *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004)). For such a claim,

"the four essential elements are (1) intent, (2) physical interference with (3) possession (4) resulting in harm." *N.Y. Landmarks Conservancy, Inc. v. 375 Park Ave. Fee, LLC*, 2014 WL 1333658, 2014 N.Y. Slip Op. 30865, at *25 (N.Y. Sup. Ct. 2014) (internal quotation marks omitted). "The 'harm' at issue is 'harm to the condition, quality or material value *of the chattels at issue*' and the showing of such harm is 'an essential element' in pleading trespass to chattels." *Fischkoff v. Iovance Biotherapeutics, Inc.*, 339 F. Supp. 3d 408, 416 (S.D.N.Y. 2018) (emphasis added) (citation omitted); *see also N.Y. Landmarks Conservancy, Inc.*, 2014 WL 1333658, 2014 N.Y. Slip Op. 30865, at *25 ("To recover damages under a cause of action for trespass to chattel, a plaintiff must allege that *the chattel suffered damage*.") (emphasis added); *J. Doe No. 1 v. CBS Broadcasting Inc.*, 24 A.D.3d 215, 215 (1st Dep't 2005) (dismissing trespass to chattels claim because plaintiffs "have not alleged harm to the condition, quality or material value of the chattels at issue").

Plaintiff's allegations in the Complaint are insufficient as the only alleged harm to the "chattels at issue" – namely, Plaintiff's electronic communications – is "impairing the condition, quality, and value" of such communications by "dispossess[ing] Plaintiff of the confidential and private aspects of said communications." (Complaint at ¶ 58). But, even if true, such purported harm was to *Plaintiff* and *not* to the text messages themselves. In fact, Judge Gorenstein addressed a very similar situation in *Fischkoff v. Iovance Biotherapeutics, Inc.*, where the counterclaim plaintiff argued that the defendant's copying of confidential files met the harm prong of a trespass to chattels claim: "Iovance argues that the mere fact of copying in fact 'impaired the value' of its files because the copied material contained sensitive personal information of employees and investors." 339 F. Supp. 3d 408, 417 (S.D.N.Y. 2018). The Court rejected this argument:

> The problem with this argument is that the tort of trespass to chattels requires a showing of "harm to the condition, quality or material value <u>of the chattels at issue</u>." *In other words, it is not enough to show that the owner of the materials was harmed in some way by the challenged conduct. Rather, the owner must show some type of harm to the chattels themselves.*

*Id.* (underlining in original) (italics added) (quoting *J. Doe No. 1 v. CBS Broadcasting Inc.*, 24 A.D.3d 215, 215 (1st Dep't 2005)); *see also Mount v. PulsePoint, Inc.*, 2016 WL 5080131, at *9 (S.D.N.Y. Aug. 17, 2016) ("[A]s applied to the online context, trespass 'does not encompass . . . an electronic communication that neither damages the recipient computer system nor impairs its functioning.'"), *aff'd*, 684 F. App'x 32 (2d Cir. 2017) (quoting *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1347, 71 P.3d 296, 300 (2003)). Similarly, in the instant situation, Plaintiff has not alleged any "harm" to the text messages (i.e., to the "the chattels themselves"). At most, Plaintiff has alleged that *she* has been harmed – which is insufficient as a matter of law to support a claim for trespass to chattels. Accordingly, Count 3 should be dismissed for this additional reason.

**Fifth**, Count 5 of the Complaint seeks injunctive relief for Defendants' purported violations of 18 U.S.C. § 2511 and 18 U.S.C. § 2701. Because Plaintiff has failed to state a claim for violation of the Wiretap Act (18 U.S.C. § 2511) or the Stored Communications Act (18 U.S.C. § 2701), Plaintiff's request for injunctive relief under those statutes must be dismissed for this addition reason. *See Zaratzian v. Abadir*, 2014 WL 4467919, at *12 n.13 (S.D.N.Y. Sept. 2, 2014).

5

***Sixth***, Plaintiff's Complaint should also be dismissed as against Mr. Dimopoulos and his firm, Dimopoulos Bruggemann, P.C., for the additional reason that under New York law, an attorney cannot be held liable to third parties for harms "caused by services performed on behalf of a client or advice offered to that client, absent a showing of fraud, collusion, or a malicious or tortious act." *Alredo Prod., Inc. v. Sandra Carter Prod., Inc.*, 2006 WL 453248, at *4 (S.D.N.Y. Feb. 22, 2006) (quoting *Farrell v. Hellen*, 2004 WL 433802, at *5 (S.D.N.Y. Mar. 10, 2014)); *see also Newburger, Loeb, & Co., Inc. v. Gross*, 563 F.2d 1057, 1080 (2d Cir. 1977) (an attorney generally cannot be held liable to third parties for actions taken in furtherance of his role as counsel unless the attorney did something tortious in character or acted "beyond the scope of his honorable employment"); *Nihalani v Tekhomes*, 177 A.D.2d 484, 484 (2d Dept 1991). During Mr. Dimopoulos' representation of Mr. Kassenoff in the Matrimonial Action, he was provided with text messages that were relevant, probative and important to the issue of custody. The text messages detailed the Plaintiff's emotional abuse of her children, and clearly indicated that she was in the process of using the children to perpetrate false claims in a bid for sole custody of the children. The text messages were included as exhibits in motion papers, and were intended to be used as exhibits at the parties' July 2020 interim custody trial. Prior to the trial – and before the exhibits were admitted into evidence – Plaintiff moved the Court to preclude the text messages and alleged claims under 18 U.S.C. § 2511 as well as New York Penal Law Section 250.05. As set forth above, Judge Koba denied the motion and the text messages were admitted into evidence.

Following Judge Koba's Decision and Order denying Ms. Kassenoff's motion, Mr. Dimopoulos moved to introduce the text messages into evidence, and the Court granted that request over the Ms. Kassenoff's objection. Thus, Mr. Dimopoulos was "properly exercising [his] functions" as counsel for Mr. Kassenoff. *See Art Capital Group, LLC v. Neuhaus*, 896 N.Y.S.2d 35 (1st Dep't 2010) (public policy demands that attorneys properly exercising their functions shall not be civilly liable for their acts when performed in good faith and for the honest purpose of protecting their client's interests).

Moreover, the Complaint does not allege "fraud, collusion or a malicious or tortious act." Plaintiff's only contention is that Mr. Dimopoulos used the subject text messages during the ongoing Matrimonial Action. (Complaint at ¶ 29). The remaining contention in Count 1 is that Mr. Dimopoulos knew or should have known that the communications were "obtained through interception." (*Id.* at ¶¶ 44-46). However, when those communications were admitted into evidence, Judge Koba had already decided that the use of the communications did not violate any law. Again, throughout Counts 1 through 5, the Plaintiff does not allege a single instance of Mr. Dimopoulos committing "fraud, collusion or a malicious or tortious act" and, therefore, the Complaint should be dismissed against Mr. Dimopoulos and his firm for this additional reason.

Finally, as indicated in my April 9 letter, we request that you immediately dismiss the Complaint with prejudice. Should you fail to do so and should the Court permit us to file and ultimately grant our motion to dismiss, we will request sanctions and attorney's fees from you and your client. *See, e.g., Paganucci v. City of New York*, 785 F. Supp. 467, 479 (S.D.N.Y. 1992) ("With respect to the inclusion in this lawsuit of plaintiffs whose claims are barred by the doctrine of *res judicata,* sanctions are warranted.").

Sincerely,

/s/ *Allan Kassenoff* /s/ *Constantine G. Dimopoulos*

Allan Kassenoff Constantine G. Dimopoulos

cc: The Honorable Kenneth M. Karas (*via* ECF)