Allan Kassenoff, Esq.
161 Beach Avenue
Larchmont, NY 10538
kassenoffa@gtlaw.com
(917) 623-8353

**MEMO ENDORS[ED]**

Gus Dimopoulos, Esq.
Dimopoulos Bruggemann PC
73 Main Street
Tuckahoe, NY 10707
gd@dimolaw.com
(914) 472-4242

July 1, 2022

**VIA ECF**

The Honorable Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *Catherine Kassenoff v. Allan Kassenoff et al.*
      Case No. 7:22-CV-002162-KMK (S.D.N.Y.)

Dear Judge Karas:

I am writing pursuant to Rule IX of Your Honor's Individual Rules of Practice in order to respectfully seek approval to publicly file limited redactions in connection with Defendants' briefing on its concurrently filed Motion to Dismiss.

**I.   Overview**

Defendants are concurrently filing their Motion to Dismiss, pursuant to the Court's June 15, 2022 Order (Dkt. 27). Amongst the grounds that Defendants are moving on are res judicata and collateral estoppel, both of which necessarily depend on certain filings and orders from a different lawsuit – in this instance, the divorce action currently pending in the Supreme Court of Westchester County, *Kassenoff v. Kassenoff*, Index Number 58217/2019 (the "Matrimonial Action"). Those filings and orders contain identifying information of the three minor Kassenoff children. As such, Defendants seek to redact such confidential and private information from the filings and orders from the Matrimonial Action in order to maintain the privacy of the minor children.

Specifically, Defendants hereby move for permission to file the following documents attached to the Declaration of Allan Kassenoff with the confidential identifying information (e.g., name, date of birth, school information, etc.) regarding the three minor Kassenoff children being redacted:

- Exhibit 1: NYSCEF Doc. No. 878, which is a Decision and Order, dated August 17, 2020, issued by Judge Nancy Quinn Koba in *Kassenoff v. Kassenoff*, Index Number 58217/2019 (the "Matrimonial Action"), currently pending in the Supreme Court of Westchester County;
- Exhibit 2: NYSCEF Doc. No. 314, which is a Memorandum of Law, dated March 9, 2020, filed in the Matrimonial Action;
- Exhibit 3: NYSCEF Doc. No. 864, which is a Decision and Order, dated July 11, 2020, issued by Judge Koba in the Matrimonial Action;
- Exhibit 4: NYSCEF Doc. No. 1, which is Summons and Verified Complaint, dated May 24, 2019, filed in the Matrimonial Action;
- Exhibit 5: NYSCEF Doc. No. 39, which is an Order to Show Cause, dated June 5, 2019, signed by Judge David F. Everett in the Matrimonial Action;
- Exhibit 6: NYSCEF Doc. No. 5, which is Plaintiff's Affidavit in Support of Motion, dated June 4, 2019, filed in the Matrimonial Action;
- Exhibit 7: NYSCEF Doc. No. 46, which is a So Ordered stipulation, dated June 10, 2019, signed by Judge Everett in the Matrimonial Action;
- Exhibit 8: NYSCEF Doc. No. 378, which is an Emergency Order to Show Cause, dated June March 27, 2020, signed by Judge Everett in the Matrimonial Action;
- Exhibit 9: NYSCEF Doc. No. 328, which is Plaintiff's Affidavit in Support of Cross-Motion, dated March 16, 2019, filed in the Matrimonial Action;
- Exhibit 10: NYSCEF Doc. No. 457, which is a Memorandum of Law in Reply, filed on May 20, 2020 in the Matrimonial Action; and
- Exhibit 11: NYSCEF Doc. No. 868, which is a Notice of Appeal, dated July 29, 2020, filed in the Matrimonial Action.

## II. Legal Standard

While there exists a presumption of access to judicial documents under the common law and the First Amendment, this presumption may be overcome by "countervailing factors," including the "privacy interest" of the parties. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (S.D.N.Y. 2006). In determining whether the presumption is overcome, the Court "must balance competing considerations against it." *Id.* This Court has previously granted motions to seal documents concerning a party's product development plans, merchandising strategies, and business development activities. *See GoSMiLE, Inc. v. Levine*, 769 F.Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal highly proprietary material concerning marketing strategies and product development); *Tropical Sails Corp. v. Yext, Inc.*, 2016 U.S. Dist. LEXIS 49029, at *10-11 (S.D.N.Y. Apr. 12, 2016) (granting motion to seal documents relating to marketing and business development activities); *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d, 606, 614 (S.D.N.Y. 1998) (granting motion to seal defendants' confidential business information that, if released, would impact defendants' competitive position). Applications to redact documents are similarly granted where those documents contain limited

2

references to confidential business information. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. Mar. 31, 2015) (granting motion to redact documents containing advertising plans and merchandising strategies). Surely maintaining the privacy of minor children is as important as – if not more important than – maintaining sensitive business information. In fact, the Southern District of New York has expressly held that "protecting the privacy interests of the minor child Plaintiff in keeping confidential that child's education and medical history constitutes a 'compelling reason' to seal the record and outweighs the public's interest in access." *L.B. v. N.Y.C. Dept of Educ.*, 15-CV-3176 (AJN), at *2 (S.D.N.Y. Sep. 22, 2015); *see also Lukic v. Elezovic*, 20-CV-3110 (ARR) (LB), at *1 (E.D.N.Y. Jan. 20, 2021) (granting in part the parties' joint motion to seal, noting that "[p]rotecting personally identifiable information about a minor child is a higher value that overcomes the First Amendment presumption of access").

### III. Redactions

The redactions that Defendants seek to make (*see* Section I, *supra*) contain confidential identifying information regarding the three minor Kassenoff children. Defendants, however, recognize that each of those documents contains other material which does not disclose information about the children. Accordingly, Defendants are concurrently filing redacted copies of the exhibits with only the information concerning the children being redacted.[1]

Additionally, out of an abundance of caution, Defendants have redacted the text messages that form the basis of Plaintiff's Complaint in this Action. Although Defendants believe that the disclosure of such text messages would not violate any federal or state law (and Judge Koba has already held as much in the Matrimonial Action), out of an abundance of caution, Defendants are redacting those text messages so that Plaintiff will not seek leave to amend her Complaint and argue that such disclosure is yet another purported violation of The Wiretap Act.

### IV. Conclusion

For all of the foregoing reasons, Defendants submit that they have overcome the presumption of access to the exhibits set forth above.

Respectfully,

/s/ *Allan Kassenoff*

Allan Kassenoff

/s/ *Constantine G. Dimopoulos*

Constantine G. Dimopoulos

*[Handwritten note: The Court agrees with Defendants' claims herein and approves the filing of redacted versions of the submissions related to the motion to dismiss. So ordered. /s/ KMK 7/8/22]*

---

[1] Defendants have also redacted two instances where both Mr. Kassenoff's and Ms. Kassenoff's wages were disclosed.

3