Allan Kassenoff, Esq.
161 Beach Avenue
Larchmont, NY 10538
kassenoffa@gtlaw.com
(917) 623-8353

**MEMO ENDORSED**

Gus Dimopoulos, Esq.
Dimopoulos Bruggemann PC
73 Main Street
Tuckahoe, NY 10707
gd@dimolaw.com
(914) 472-4242

August 23, 2022

**VIA ECF**

The Honorable Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: ***Catherine Kassenoff v. Allan Kassenoff et al.***
Case No. 7:22-CV-002162-KMK (S.D.N.Y.)

Dear Judge Karas:

We are writing to respectfully request (i) a 4-day extension by which to submit our reply papers to the Defendants' pending Motion to Dismiss and (ii) that the Court strike the Evidentiary Supplement to Affidavit of Catherine Kassenoff (Dkt. 36). On June 15, 2022, the Court set forth the following briefing schedule for the Defendants' Motion to Dismiss:

July 1, 2022 – Defendants file their opening brief
August 15, 2022 – Plaintiff files her opposition
September 15, 2022 – Defendants file their reply brief

(Dkt. 27). On August 15, 2022, Mr. Harold Burke, Plaintiff's counsel, wrote to the Court requesting an extension to file Plaintiff's opposition to Defendant's Motion to Dismiss "through and including Friday, August 19, 2022." The Court granted Plaintiff's request later that day. (Dkt. 33). Given Plaintiff's 4-day extension to file her opposition brief, Defendants respectfully request a similar 4-day extension for their reply (from September 15 to September 19).

Additionally, despite having 6 weeks to prepare and file an opposition to Defendants' Motion to Dismiss and then being granted a 4-day extension, Plaintiff failed to file her opposition brief until August 20 (one day after the permitted extension). More problematic, however, is the fact that

1

Plaintiff then filed an Evidentiary Supplement to Affidavit of Catherine Kassenoff (the "Supplemental Affidavit"), which included 10 exhibits and more than 140 pages, on August 22, 2022 – 3 days after the extended deadline. Later that day, Defendants contacted Mr. Burke, explaining that they did not have access to the late filing and requested that Plaintiff "[p]lease contact the Court to remove this belated filing immediately." Mr. Burke responded, attaching copies of his filings but failed to agree to remove the filing from the docket and failed to provide an explanation for why the filing was made after the extended deadline. Defendants then responded, asking again for his "basis for filing this [Supplemental Affidavit] 3 days after your extended deadline for filing your papers." Mr. Burke failed to respond. Given the fact that Plaintiffs' Supplemental Affidavit was filed (i) after the *extended* deadline for her opposition to the Motion to Dismiss, (ii) without seeking leave of Court, and (iii) without providing any good cause for such delinquent filing, Defendants respectfully request that the Court strike Plaintiffs' Supplemental Affidavit (including all of the exhibits thereto) and remove it from the docket. *See, e.g., Amaker v. Lieberman*, 2022 U.S. Dist. LEXIS 112261, at *4 (S.D.N.Y. June 24, 2022) (striking plaintiff's Declaration in Opposition to Defendant's motion for summary judgement "as untimely"); *Trombetta v. Novocin*, 2021 WL 6052198, at *13 (S.D.N.Y. Dec. 21, 2021) (striking plaintiff's sur-reply to the defendant's motion to dismiss, concluding that plaintiff "neither sought nor received permission to file this sur-reply"); *City of New York v. Singh*, 2021 WL 4150947, at *1 n.2 (S.D.N.Y. Sept. 13, 2021) (striking plaintiff's "supplemental memorandum of law in opposition to Singh's motion to dismiss [because the] Court's Individual Practices in Civil Cases do not allow for supplemental filings").[1]

For all of the foregoing reasons, Defendants respectfully request that the Court (i) extend its deadline to file its reply papers to September 19, 2022 and (ii) strike Plaintiffs' Supplemental Affidavit (and its exhibits) from the docket.

Sincerely,

/s/ *Allan Kassenoff*          /s/ *Constantine G. Dimopoulos*

Allan Kassenoff               Constantine G. Dimopoulos

*Both applications are granted.*

*So Ordered*

KMK
11/14/22

---

[1] Although not relevant to the instant request, Defendants fail to see the relevance of Plaintiff's Supplemental Affidavit (or any its attachments) to the pending Motion to Dismiss.