Allan Kassenoff, Esq.
161 Beach Avenue
Larchmont, NY 10538
kassenoffa@gtlaw.com
(917) 623-8353

Gus Dimopoulos, Esq.
Dimopoulos Bruggemann PC
73 Main Street
Tuckahoe, NY 10707
gd@dimolaw.com
(914) 472-4242

February 17, 2023

**VIA ECF**

The Honorable Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   ***Catherine Kassenoff v. Allan Kassenoff et al.***
      ***Case No. 7:22-CV-002162-KMK (S.D.N.Y.)***

Dear Judge Karas:

        We are writing to update the Court as to the Plaintiff's state court appeal that is pertinent to the Defendants' pending motion to dismiss.  Specifically, as Your Honor may recall, Plaintiff included the following 5 Counts in her Complaint:

        (1) Violation of 18 U.S.C. § 2511 – "The Wiretap Act";
        (2) Violation of 18 U.S.C. § 2701 – Stored Communications Act;
        (3) Trespass To Chattels;
        (4) Prima Facie Tort – Violation of NY Penal Law Sec. 250; and
        (5) Temporary and Permanent Injunctive Relief Pursuant to 18 U.S.C. § 2520(b)
        and 18 U.S.C. § 2707(b)).

(Dkt. 3 at ¶¶ 38-82).

        On July 1, 2022, Defendants filed their Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6) on several grounds, including but not limited to the doctrine of res judicata. As explained in Defendants' Memorandum of Law accompanying their motion to dismiss:

According to Plaintiff's Complaint, Mr. Kassenoff "obtained Plaintiff's electronic communications either by intercepting them while they were transiting through her iCloud account or downloaded said communications while stored in Plaintiff's iCloud account." (Dkt. 3 at ¶ 37). Specifically, Plaintiff alleges that Mr. Kassenoff was able to access her text messages because she had given him her Apple ID and password for entry into the parties' joint MacBook Pro laptop computer (the "Laptop"), which led to the Laptop being "synched" with the Plaintiff's iPhone. (*Id.* at ¶¶ 14, 16, 19). Once Ms. Kassenoff's iPhone and the Laptop were synchronized, Mr. Kassenoff was able to see Plaintiff's "private, confidential, and privileged electronic communications," which "included [Plaintiff's] text and email messages with her attorney, Cynthia Monaco, Esq." (*Id.* at ¶¶ 22-23). But, as demonstrated below, Ms. Kassenoff has already brought a claim in the Matrimonial Action based upon the identical series of facts that form the basis of the instant Action. (Ex. 2). Moreover, Judge Koba has fully adjudicated Ms. Kassenoff's claim, denying the motion in its entirety. (Ex. 3). Accordingly, all of Ms. Kassenoff's claims in this Action are barred under the doctrine of res judicata.

(Dkt. 31 at 3).

Furthermore, as we previously explained to the Court, Ms. Kassenoff appealed Judge Koba's decision denying Ms. Kassenoff's claims in the Matrimonial Action.  Specifically, on July 29, 2020, Ms. Kassenoff filed a Notice of Appeal of Judge Koba's July 11, 2020 Decision and Order, describing her appeal in the accompanying Informational Statement as follows:

Defendant sought to have the Supreme Court direct [Mr. Kassenoff] and the forensic evaluator to destroy and/or disregard and/or redact [Ms. Kassenoff's] confidential communications with Ms. Cynthia Monaco, on the grounds that such communications are protected by attorney/client privilege, and were accessed, intercepted, copied, and disclosed in violation of New York and federal criminal law.

(Dkt. 31-21 at 40).

We are writing to inform the Court that the Appellate Division, Second Department just issued the attached decision, affirming Justice Koba's July 11, 2020 Decision and Order denying Ms. Kassenoff's motion.  Specifically, the Second Department held that Ms. Kassenoff failed to establish that an attorney-client relationship existed between her and Ms. Monaco:

Here, the Supreme Court properly determined that the defendant failed to establish that an attorney-client relationship existed between her and Monaco, and that the subject electronic communications were therefore privileged based on such a relationship (*see Saran v Chelsea GCA Realty Partnership, L.P.*, 174 AD3d 759; *Nacos v Nacos*, 124 AD3d 462).

*Kassenoff v. Kassenoff*, ___ AD3d ____, 2020-06187 (2d Dep't Feb. 15, 2023).  The Appellate Division also disposed of Ms. Kassenoff's claims that Mr. Kassenoff violated various Federal and

State statutes in obtaining those electronic communications or using them in the Matrimonial Action, holding that "[t]he defendant's remaining contentions are without merit."  *Id.*

Thank you very much in advance.

Sincerely,

/s/ *Allan Kassenoff*                              /s/ *Constantine G. Dimopoulos*

Allan Kassenoff                              Constantine G. Dimopoulos