UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHERINE KASSENOFF,

                         Plaintiff,

      v.

ALLAN KASSENOFF,
CONSTANTINE G. DIMOPOULOS, AND
DIMOPOULOS BRUGGEMANN PC,

                   Defendants.

No. 22-CV-2162 (KMK)

OPINION & ORDER

<u>Appearances</u>:

Harold R. Burke, Esq.
Harold R. Burke, LLC
Greenwich, CT
*Counsel for Plaintiff*

Allan Kassenoff, Esq.
Larchmont, NY
*Pro Se Defendant*

Gus Dimopoulos, Esq.
Dimopoulos Bruggemann, P.C.
Tuckahoe, NY
*Pro Se Defendant*

KENNETH M. KARAS, United States District Judge:

       Catherine Kassenoff ("Plaintiff") brings this lawsuit, pursuant to the Electronics

Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510, *et. seq.*; the Stored

Communications Act ("SCA"), 18 U.S.C. §§ 2701, *et seq.*; N.Y. Penal Law § 250; and New

York common law against Allan Kassenoff ("Mr. Kassenoff"), Constantine G. Dimopoulos

("Dimopoulos"), Dimopoulos Bruggemann PC ("the Firm" and collectively, "Defendants"),

alleging unlawful interception, storage, access, and disclosure of Plaintiff's electronic

communications, trespass to chattels and prima facie tort. (*See generally* Compl. (Dkt. No. 3).)

In addition to compensatory, statutory, and punitive damages, (*see id.* at 17), Plaintiff has also

requested temporary and permanent injunctive relief pursuant to 18 U.S.C. § 2520(b) and 18

U.S.C. § 2707(b)), (*id.* at ¶¶ 66–82).[1]

Before the Court is Defendants' Motion to Dismiss the Complaint (the "Motion"). (*See*

Not. of Mot. (Dkt. No. 28).) For the following reasons, Defendants' Motion is granted.

## I. Background

### A. Materials Considered

As a threshold matter, the Court determines the proper treatment of pleadings, transcripts,

and court orders that Defendants have requested the Court consider in deciding this Motion. (*See*

Defs' Mem. of Law in Supp. of Mot. To Dismiss ("Defs' Mem.") (Dkt. No. 31); Decl. of Allan

Kassenoff, Esq. ("Kassenoff Reply Decl.") (Dkt. No. 39).)

Generally, "[w]hen considering a motion to dismiss, the Court's review is confined to the

pleadings themselves," because "[t]o go beyond the allegations in the Complaint would convert

the Rule 12(b)(6) motion into one for summary judgment pursuant to [Rule] 56." *Thomas v.

Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002).

"Nevertheless, the Court's consideration of documents attached to, or incorporated by reference

in the Complaint, and matters of which judicial notice may be taken, would not convert the

motion to dismiss into one for summary judgment." *Id.*; *see also Bellin v. Zucker*, 6 F.4th 463,

473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts

may "consider the complaint in its entirety . . . , documents incorporated into the complaint by

reference, and matters of which a court may take judicial notice" (quotation marks omitted)); *Hu*

---

[1] The Court cites to the ECF-stamped page number at the upper right-hand corner of all
documents unless otherwise noted.

*v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial notice may be taken.'" (alteration omitted) (quoting *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993))).

As relevant here, the Court may take judicial notice of state court orders, testimony, and other matters of public record. *See Johnson v. Pugh*, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) ("A court may take judicial notice of matters of public record, including pleadings, testimony, and decisions in prior state court adjudications, on a motion pursuant to Rule 12(b)(6)." (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000))).

Thus, the Court will consider the court filings and decisions Defendants have submitted in adjudicating their Motion To Dismiss.

### B.  Factual Background

The following facts are taken from the Complaint and the exhibits attached thereto and are assumed to be true for purposes of resolving the instant Motion. *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

At all times relevant to this proceeding, Plaintiff has owned and used an Apple iPhone with the number (917) 836-5200 (the "iPhone"). (Compl. ¶ 10.) Plaintiff transmitted text and email messages from the iPhone, which was password protected. (*Id.* ¶¶ 10–11.) Plaintiff did not share her password with Mr. Kassenoff, nor did she allow him direct access to the iPhone. (*Id.* ¶ 12.)

Plaintiff and Mr. Kassenoff also jointly owned and operated a MacBook Pro laptop ("the Laptop") beginning some time before 2016. (*Id.* ¶ 14.) For the laptop, Plaintiff and Mr. Kassenoff "established separate user accounts that were separately password protected." (*Id.*)

In order to utilize these devices fully, Plaintiff was required to create an Apple ID and password, separate from the iPhone and laptop passwords she utilized. (*Id.* ¶ 15.) In 2016, Mr. Kassenoff asked Plaintiff for, and she provided, her Apple ID and password for the express purpose of purchasing a song through the iTunes store on the laptop. (*Id.* ¶ 16.) Without Plaintiff's knowledge, Mr. Kassenoff used Plaintiff's Apple ID and password to track the location of Plaintiff's iPhone by activating the "Find My iPhone" application on the laptop. (*Id.* ¶ 17.) Similarly, Mr. Kassenoff used Plaintiff's Apple ID and password to "sync" Plaintiff's iPhone with the laptop, a process which allowed Mr. Kassenoff to intercept copies of Plaintiff's text and email messages as they were sent and received over the course of the next several years. (*Id.* ¶¶ 19–20.)[2]

Plaintiff always considered these text and email communications to be private and their contents confidential. (*Id.* ¶ 22.) From 2016 to May 2019, Mr. Kassenoff intercepted Messages between Plaintiff and her attorney, Cynthia Monaco, Esq. (the "Monaco Messages"), that "discussed matrimonial litigation strategy, domestic abuse, and related issues and concerns." (*Id.* ¶¶ 22, 24.)

In May 2019, Mr. Kassenoff filed a divorce action against Plaintiff, *Allan Kassenoff v. Catherine Kassenoff*, No. 58217/2019 (the "Divorce Action"), in Supreme Court, Westchester County ("County Court"). (*Id.* ¶ 8.) Dimopoulos and the Firm represented Mr. Kassenoff in that action. (*Id.*) Immediately after the Divorce Action was filed, Defendants attached screenshots of

---

[2] Plaintiff alleges that "[i]t remains unclear how many private, confidential or privileged communications Defendant and Dimopoulos have accessed and/or intercepted, used or disclosed; Plaintiff is only aware of those electronic communications that have been published and shared with the court and third parties associated with the Divorce Action on an ongoing and continuing basis. Accordingly, the full extent and timing of Defendant's and/or Dimopoulos' disclosure of Plaintiff's electronic communications is not known." (Compl. ¶ 36.)

4

several of the Monaco Messages to an order to show cause filed with the County Court seeking to exclude Plaintiff from the marital home and grant Mr. Kassenoff temporary custody of Plaintiff and Mr. Kassenoff's children.  (*Id.* ¶¶ 25–26.)[3]  In Plaintiff's opposition to the order to show cause, she informed Dimopoulos that the Monaco Messages were attorney-client communications that Mr. Kassenoff had obtained without Plaintiff's consent.  (*Id.* ¶ 28.) Dimopoulos did not withdraw the Monaco Messages.  (*Id.* ¶ 29.)  On or about March 27, 2020, Defendants obtained the order from the County Court.  (*Id.* ¶ 35.)

### C.  Procedural History

Plaintiff filed her Complaint on March 15, 2022.  (*See* Compl. (Dkt. No. 1).)  On May 12, 2022, Defendants submitted a letter requesting to file a Motion To Dismiss.  (*See* Letter from Allen Kassenoff, Esq. to Court (May 12, 2022) (Dkt. No. 22).)  At a conference held on June 15, 2022, the Court granted Defendants' request and set a briefing schedule.  (*See* Dkt. (minute entry for June 15, 2022).)  On July 1, 2022, Defendants filed their Motion to Dismiss and accompanying papers.  (*See* Not. of Mot.; Defs' Mem.; Decl. of Alan Kassenoff ("Kassenoff Decl.") (Dkt. No. 30).)  On August 20, 2022, Plaintiff filed her response and accompanying papers.  (*See* Pl's Mem. of Law in Opp'n to Mot. To Dismiss ("Pl's Opp'n") (Dkt. No. 34).)  On September 15, 2022, Defendants filed their Reply.  (*See* Defs' Reply (Dkt. No. 38); Kassenoff Reply Decl.)

---

[3] Defendants also disclosed some or all of the Monaco Messages on other occasions, including: (1) in a response to Child Protective Services in Summer 2019; (2) in submissions in the Divorce Action on or about September 6, 2019 and on or about March 16, 2020; (3) in a submission to Dr. Marc Abrams ("Abrams"), the court-appointed custody evaluator in the Divorce Action.  (*See* Compl. ¶¶ 30–33.)  Plaintiff alleges that Abrams relied on the Monaco messages when making his recommendation to the County Court that it grant Mr. Kassenoff the relief he requested in the order to show cause.  (*Id.* ¶ 34.)

II.  Discussion

A.  Standard of Review

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject

matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively

identical.'"  *Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2

(D. Conn. June 3, 2014) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003),

*cert. denied*, 540 U.S. 1012 (2003)).

1.  Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has

authority to adjudicate the cause pressed in the complaint."  *Bryant v. Steele*, 25 F. Supp. 3d 233,

241 (E.D.N.Y. 2014) (citation and quotation marks omitted).  "Determining the existence of

subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of

subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or

constitutional power to adjudicate it."  *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d

Cir. 2008) (citation and quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *United States v.*

*Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold

question").

The Second Circuit has explained that a challenge to subject-matter jurisdiction pursuant

to Rule 12(b)(1) may be facial or fact-based.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47,

56 (2d Cir. 2016).  When a defendant raises a facial challenge to standing based solely on the

complaint and the documents attached to it, "the plaintiff has no evidentiary burden" and a court

must determine whether the plaintiff asserting standing "alleges facts that affirmatively and

plausibly suggest that the plaintiff has standing to sue."  *Id.* (alterations omitted) (quoting

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)).  In making such a

6

determination, a court must accept as true all allegations in the complaint and draw all inferences in the plaintiff's favor. *Id*. at 57. However, where a Rule 12(b)(1) motion is fact-based and a defendant proffers evidence outside the pleadings, a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is immaterial. *See Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 119 (2d Cir. 2017). If the extrinsic evidence presented by the defendant is material and controverted, the Court must make findings of fact in aid of its decision as to standing. *See Carter*, 822 F.3d at 57.

### 2. Rule 12(b)(6)

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id*.; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the

7

reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).  Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

B.  Analysis

Plaintiff brings claims pursuant to the SCA, ECPA, N.Y. Penal Law § 250, and New York common law.  (*See generally* Compl).)

Defendant argues that Plaintiff's complaint must be dismissed under principles of res judicata because her claims have already been adjudicated by the County Court in the Divorce Action.  (*See* Defs' Mem. 18–21; Defs' Reply 13–14.)  Plaintiff argues that res judicata should not apply because no final judgment has been entered in the Divorce Action, the Matrimonial

8

Order does not bind Dimopoulos, and the Matrimonial Court may not provide the full measure of relief that Plaintiff seeks.  (*See* Pl's Opp'n 11–14.)

"A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered." *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) (alteration, citation, and quotation marks omitted)); *see also Yoon v. Fordham Univ. Fac. & Admin. Ret. Plan*, 263 F.3d 196, 200 (2d Cir. 2001) ("Under 28 U.S.C. § 1738, we are required to give to a state court judgment the same preclusive effect that it would have in a state court.").  "Federal courts must use the res judicata doctrine of the state in which the state court judgment was granted." *Fequiere v. Tribeca Lending*, No. 14-CV-812, 2016 WL 1057000, at *5 (E.D.N.Y. Mar. 11, 2016) (italics omitted); *see also Barnes v. N.Y. State Div. of Human Rts.*, No. 14-CV-2388, 2016 WL 110522, at *6 (S.D.N.Y. Jan. 8, 2016) ("[W]here a federal court is considering the res judicata effect of a state court judgment, the federal court must afford the state court judgment the same preclusive effect it would have under the law of the state in which it was entered." (emphasis omitted)). Therefore, because the preclusive effect of a New York state court decision is asserted, the Court must consider New York's law of res judicata.  *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (noting that the court would apply "New York law in determining the preclusive effect of a New York State court judgment").  "In New York, res judicata . . . bars successive litigation based upon the 'same transaction or series of connected transactions' if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was."  *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 894 N.E.2d 1, 12 (N.Y. 2008) (citations omitted).

New York courts have long held that a final judgment is not required for a decision or order to have preclusive effect. *See, e.g., Slater v. Am. Mineral Spirits Co.*, 310 N.E.2d 300, 302 (N.Y. 1974) ("Although technical and historical distinctions might be drawn between final orders and final judgments, we find no occasion here to reach a different result because the record does not disclose the formal entry of a final judgment.  In the state of modern practice[,] it would be inappropriate to attach significance to any such distinction."); *Vavolizza v. Krieger*, 308 N.E.2d 439, 442 (N.Y. 1974) ("[A]n order made upon a motion provides such a 'judgment' as will bar relitigation under the doctrine[] of [r]es judicata . . . so long as the requisites of identity of issue and opportunity to contest are present." (citations omitted)); *Bannon v. Bannon*, 1 N.E.2d 975, 977 (N.Y. 1936) ("The scope of the words []final judgment[], . . . should not be confined to a final judgment in an action.  They may include any judicial decision upon a question of fact or law which is not provisional and subject to change and modification in the future by the same tribunal."); *cf. Lummus Co. v. Commonwealth Oil Refin. Co.*, 297 F.2d 80, 89 (2d Cir. 1961), ("'Finality' in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.").  Courts in the Second Circuit have found that a subsequent claim is barred even where the prior adjudication did not dispose of the previous case. *See, e.g., Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 487–88 (E.D.N.Y. 1998), *aff'd*, 205 F.3d 1327 (2d Cir. 2000) (finding state court's order terminating restraining order issued in prior divorce action precluded plaintiff-husband's claims against investment manager and explaining that "the fact that the decision was rendered upon an order does not preclude it from having the same effect as a judgment"); *cf. Hennessy v. Cement & Concrete Worker's Union Loc. 18A of Laborer's Int'l Union of N. Am., AFL-CIO*, 963 F. Supp. 334, 338 (S.D.N.Y. 1997) (holding res

judicata barred plaintiff's claim which could have been raised in previous state court action that

had been dismissed by order, rather than a final judgment, over plaintiff's objection that "res

judicata does not bar this action because the order dismissing his state court complaint was not a

final judgment, but rather a non-final order that affect[ed] final judgment").

Additionally, "[u]nder New York's transactional approach . . . , once a claim is brought to

a final conclusion, all other claims arising out of the same transaction or series of transactions are

barred, even if based upon different theories or if seeking a different remedy." *Josey v. Goord*,

880 N.E.2d 18, 20 (N.Y. 2007) (citation and quotation marks omitted); *see also Giannone v.*

*York Tape & Label, Inc.*, 548 F.3d 191, 194 (2d Cir. 2008) (same); *Gordon v. First Franklin Fin.*

*Corp.*, No. 15-CV-775, 2016 WL 792412, at *6 (E.D.N.Y. Feb. 29, 2016) (same); *Toscano v.*

*4B's Realty VIII*, 921 N.Y.S.2d 882, 883 (App. Div. 2011) (same).

Plaintiff brought a motion in the Divorce Action (the "Divorce Motion") that raised

claims against Mr. Kassenoff and Dimopoulos for violations of the ECPA and N.Y. Penal Law §

250 that are largely identical to the claims she asserts before this court. (*See* Defs' Mem. Ex. 2

("Divorce Mot.") 12–14 (Dkt. No. 31-4).) The factual allegations in the Divorce Motion also

mirror those in Plaintiff's Complaint in all relevant respects. (*Compare* Divorce Mot. 3–6 *with*

Compl. ¶¶ 8–32.)[4]

On July 11, 2020, the County Court issued a 35-page decision and order that denied

Plaintiff's motion. (*See* Defs' Mem. Ex. 3 ("County Court Decision") (Dkt. No 31-6).) The

County Court made findings of fact and, as relevant here, held:

> [t]he wife's assertions that her husband's accessing and taking photographs of her
> text messages violated the [ECPA and N.Y. Penal Law § 250] are wholly without

---

[4] Plaintiff also filed a reply brief in support of her motion that expanded on her arguments
that Mr. Kassenoff and Dimopoulos had violated the ECPA and N.Y. Penal Law § 250. (*See*
Defs' Mem. Ex. 10 at 2–4 (Dkt. No. 31-20).)

merit.  The ECPA creates criminal sanctions against a person who "intercepts" electronic communications.  The interception must occur contemporaneously with the transmission of the communications.  Similarly, Courts interpreting New York's eavesdropping statute have found that it applies to the interception of communications being transmitted and not to stored communications.

Here, there is no evidence the subject text messages were contemporaneously intercepted during transmission.  The husband says he accessed the text messages by opening the family's shared laptop and taking a photograph of the messages.  The wife's assertion that she had a reasonable expectation of privacy in the subject text messages is equally without merit since the text messages were sent to a laptop regularly used by the husband and were accessible to him on that laptop.  Also, while the parties differ as to the reason why the wife gave her Apple ID and password to the husband some years before this action was commenced, the wife admits providing the same to him at some point.  During the intervening period between the date the wife gave her Apple ID and password to her husband and June 2019, the wife apparently did not change her password or stop her text messages from being sent to the shared laptop and therefore could not have had a reasonable expectation of privacy regarding the same.

(County Court Decision 28–29 (citations omitted).)  Plaintiff appealed the County Court's order to the Appellate Division, Second Department, which issued an opinion on February 15, 2023, affirming the County Court and holding, as relevant here, that "[Plaintiff's] contentions are without merit." (*See* Defs' Mem. Ex. 11 (Dkt. No. 31-22); Letter from Constantine G. Dimopoulos, Esq. to Court (February 15, 2023) Ex. 1 at 2 (Dkt. No. 44-1).)

Defendants argue that res judicata applies because the County Court adjudicated the exact same dispute on the same facts against the same parties and reached a judgment on the merits. (Defs' Mem. 18–21.)  The Court agrees.  As an initial matter, the County Court, although nominally charged with adjudicating the Divorce Action, was authorized by New York law to also adjudicate interspousal tort claims, such as those that Plaintiff raised in the Divorce Motion. *See Herskovitz v. Klein*, 929 N.Y.S.2d 200 (Table) (Sup. Ct. 2011), *aff'd*, 937 N.Y.S.2d 256 (App. Div. 2012) (noting that parties to a divorce are "'free . . . to join their interspousal tort claims with the matrimonial action and the trial court retains discretion to sever the claims in the

interest of convenience, if necessary'" (alteration in original) (quoting *Xiao Yang Chen v. Fischer*, 843 N.E.2d 723, 727 (N.Y. 2005))).  The County Court found that Plaintiff's claims concerning Mr. Kassenoff and Dimopoulos's conduct were meritless after reviewing the briefing by the parties and the factual record.  (*See* County Court Decision 28–29.)  Thus, the Court agrees that res judicata bars Plaintiff's Action.  *See Spitzer*, 894 N.E.2d at 12.

Plaintiff raises two challenges, both of which are without merit.[5]  First, Plaintiff argues that an order from an ongoing matrimonial proceeding is not a final judgment, so res judicata does not apply.  (Pl's Opp'n at 11–12.)  However, the cases Plaintiff cites in support of her position are inapposite, as they dealt with factually distinguishable circumstances.  *See Bannon*, 1 N.E.2d at 977–79 (holding that referee's preliminary determination that plaintiff in a divorce action was not married to defendant was not a decision entitled to res judicata in determining whether plaintiff was entitled to spousal support during pendency of the same divorce action); *Flournoy v. Flournoy*, 588 N.Y.S.2d 729, 730–31 (Sup. Ct. 1992) (finding daughter of wife could not enforce interim spousal support award where wife had died and divorce action had been abated by the trial court).[6]  Moreover, New York courts and courts in the Second Circuit have found an order to have preclusive effect even where the order itself is not a final judgment in the action.  *See, e.g., Vavolizza*, 308 N.E.2d at 442 ("[A]n order made upon a motion provides such a 'judgment' as will bar relitigation under the doctrine[] of [r]es judicata . . . so long as the

---

[5] Plaintiff additionally argues that res judicata should not apply because the County Court could not have bound Dimopoulos.  (Pl's Opp'n 12.)  However, as the Court has already noted, Plaintiff did raise claims against Dimopoulos in the Divorce Action.  (Divorce Mot. 1.)  Even if Dimopoulos had not been named in the previous suit, "res judicata is typically available to a newly named defendant when the facts in an earlier case are the same and were known to [a] [p]laintiff."  *Dellutri v. Vill. of Elmsford*, 895 F. Supp. 2d 555, 561–62 (S.D.N.Y. 2012).

[6] The Court notes that Plaintiff's argument is belied by her own decision to appeal the County Court's order to the Second Department, which indicates to this Court that she believed that the order was a final adjudication on the merits of these claims.

requisites of identity of issue and opportunity to contest are present." (citations omitted)); *Vasile*, 20 F. Supp. 2d at 487–88 (finding state court's order terminating restraining order issued in prior divorce action precluded plaintiff-husband's claims against investment manager and explaining that "the fact that the decision was rendered upon an order does not preclude it from having the same effect as a judgment"). The Court sees no reason to reject that precedent here.

Plaintiff next argues that the County Court's order does not have preclusive effect because the County Court could not grant Plaintiff all of the relief that she sought. (Pl's Opp'n 13–14.) However, Plaintiff does not identify what relief the County Court could not have granted her that she seeks in this case. Instead, Plaintiff points out that the County Court could not have convened a jury trial to adjudicate her ECPA claim. (*Id*.) Plaintiff does not provide, and the Court is not aware of, any authority that construes the availability of a jury trial as a form of relief relevant to whether a subsequent proceeding is barred by res judicata based on a ruling on a motion. The cases Plaintiff does cite are inapposite, as they address situations where the limitations on a party's ability to seek a form of relief or raise a claim in the first instance in a prior proceeding meant that res judicata did not arise. *See Davidson v. Capuano*, 792 F.2d 275, 282 (2d Cir. 1986) (holding that plaintiff's prior Article 78 proceeding in state court did not bar subsequent federal civil rights action because New York statute prohibited plaintiff from seeking damages in the Article 78 proceeding); *McLearn v. Cowen & Co.*, 397 N.E.2d 750, 752 (N.Y. 1979), *on reargument*, 455 N.E.2d 1256 (N.Y. 1983) (finding that res judicata barred plaintiff's claim but noting, in dicta, that "[t]he only basis on which the present [state] claim would not now be precluded would be that plaintiff[]'s present common-law claim could not have been asserted in the [f]ederal action").

Because Plaintiff's claims under the SCA and New York common law arise out of the exact same series of transactions as Plaintiff's claims under the ECPA and N.Y. Penal Law § 250, these claims are also barred by res judicata. *See Fifty CPW Tenants Corp. v. Epstein*, 792 N.Y.S.2d 58, 59 (App. Div. 2005) ("Under New York's transactional approach to res judicata issues, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" (quoting *O'Brien v City of Syracuse*, 54 N.Y.2d 353, 357–58 (N.Y. 1981))); *Marinelli Assocs. v. Helmsley-Noyes Co.*, 705 N.Y.S.2d 571, 574 (App. Div. 2000) ("Pursuant to [the transactional] approach, the doctrine bars not only claims that were actually litigated but also claims that could have been litigated, if they arose from the same transaction or series of transactions.").  Plaintiff's requests for forms of relief not raised in her motion in the Divorce Action are similarly barred.  *See Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 265 (2d Cir. 1997) ("New York's 'transactional approach to res judicata, bar[s] a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief.'" (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

III.  Conclusion

For the above reasons, the Court grants Defendants' Motion To Dismiss.  The Clerk of

Court is respectfully requested to terminate the pending Motion. (*See* Dkt. No 28.)

SO ORDERED.

Dated:   March 27, 2023
         White Plains, New York

_____
                    KENNETH M. KARAS
                  United States District Judge

16