Allan Kassenoff, Esq.
161 Beach Avenue
Larchmont, NY 10538
kassenoffa@gtlaw.com
(917) 623-8353

March 28, 2023

**VIA ECF**

The Honorable Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re:   ***Catherine Kassenoff v. Allan Kassenoff et al.***
            **Case No. 7:22-CV-002162-KMK (S.D.N.Y.)**

Dear Judge Karas:

We write pursuant to the Individual Rules of Practice of the Honorable Kenneth M. Karas in order to request a pre-motion conference in anticipation of filing a motion for sanctions under 28 U.S.C. § 1927 and the Court's inherent powers. Defendants do not request sanctions lightly. However, given the egregiousness of the Plaintiff's actions, this is the rare case where sanctions are not only justified, but they are necessary. Specifically, as explained in Defendants' Motion To Dismiss (Dkt. 31), Plaintiff brought this suit in bad faith in order to exact revenge upon Mr. Kassenoff and Mr. Dimopolous as a result of her losing custody of her children in the currently pending Matrimonial Action. Furthermore, the Plaintiff's attacks are not limited to the Defendants. Rather, she has gone after each and every person involved in the Matrimonial Action that (she believes) led to the loss of her children, including Judge Nancy Koba, Judge Lewis Lubell, Carol Most (the attorney representing the Kassenoff children in the Matrimonial Action), Dr. Susan Adler (two of the Kassenoff children's therapist) and Dr. Marc Abrams (the Court-appointed neutral forensic therapist).[1] In fact, earlier this month, the Plaintiff struck again, filing her ***third*** lawsuit against the Defendants, this time in the Supreme Court, New York County. (*Catherine Kassenoff v. Allan Kassenoff et al*, Index Number 150761/2023). If the Plaintiff has made one thing clear it is that her quest for vengeance has no bounds. Our hope is that an award of sanctions will finally, once and for all, curb her abusive behaviors.

---

[1] Upon information and belief, Ms. Kassenoff has filed (i) judicial complaints against both Judge Koba and Judge Lubell; (ii) at least two complaints against Ms. Most with the Second Department's Office of Attorneys for Children; (iii) complaints against Dr. Abrams with the Mental Health Professionals Certification Committee as well as with the NYS Office of Professional Discipline; (iv) a lawsuit against Dr. Adler in the Supreme Court of Westchester County (Index Number 67296/2021); (v) a lawsuit against the Defendants in the Supreme Court of Kings County (Index Number 522543/2020); and (vi) a grievance against Mr. Kassenoff with the Attorney Grievance Committee of the First Judicial Department.

Notwithstanding the fact that this action was brought merely to harass the Defendants, Plaintiff (and her counsel) knew from the very start that it was beyond frivolous. To wit, almost immediately after being served with the Complaint, Defendants informed Plaintiff's counsel that the instant action was barred under the doctrine of res judicata – the very basis for the Court granting Defendants' Motion to Dismiss. *See generally* Opinion and Order (Dkt. 45). Specifically, on April 9, 2022 – approximately 3 weeks after the Complaint was filed in this action – Defendants sent Plaintiff's counsel, Mr. Harold Burke, a letter demanding dismissal of the Complaint:

> As you may know, your client and I are in the midst of an extremely contentious divorce proceeding currently pending in the Supreme Court of Westchester County, *Kassenoff v. Kassenoff*, Index Number 58217/2019 (the "Matrimonial Action"). I am sure that your client failed to inform you that she filed a motion (NYSCEF #314) in the Matrimonial Action premised on the identical set of facts, alleging violations of both New York Penal Law Section 250.05 as well as 18 U.S.C. § 2511. (*Id.* at 12). I am equally sure that your client also failed to inform you that Judge Nancy Quinn Koba, the presiding judge in the Matrimonial Action at the time, denied your client's motion in its entirety. (NYSCEF # 864). *Mr. Dimopolous, my co-defendant in this baseless action and my attorney in the Matrimonial Action and I demand that you immediately withdraw the Complaint as **your client's entire claim is barred under the doctrine of res judicata**.*

(April 9, 2022 Letter from A. Kassenoff to H. Burke at 1 (emphasis added) (footnote omitted)).[2] Furthermore, we informed Mr. Burke in no uncertain terms that we would be seeking sanctions and attorney's fees should he and the Plaintiff continue litigating this baseless action:

> For all of the foregoing reasons, please confirm by Monday April 18, 2022 that you will be dismissing the Complaint with prejudice. *Should you fail to do so, we will file an immediate motion to dismiss (upon service of the Complaint) and request sanctions and attorney's fees from you and your client.*

(*Id.* at 4 (emphasis added)).

Because Plaintiff and her counsel refused to withdraw the Complaint, Defendants sent Mr. Burke a pre-motion conference letter, on May 12, 2022, pursuant to Your Honor's Individual Rules of Practice, detailing each reason why the Complaint fails as a matter for law, including that "Plaintiff's entire complaint must be dismissed under the doctrine of res judicata." (Dkt. 22 at 3). Furthermore, Defendants again told Mr. Burke that should he continue with this lawsuit, he was doing so at his own risk:

> Finally, as indicated in my April 9 letter, we request that you immediately dismiss the Complaint with prejudice. *Should you fail to do so and should the Court permit us to file and ultimately grant our motion to dismiss, we will request sanctions and attorney's fees from you and your client.*

---

[2] To the extent Mr. Burke may try to argue that he was not aware of the details supporting the Defendants' res judicata defense, he was retained by the Plaintiff to argue the appeal of Judge Koba's decision that formed the basis of the defense.

2

(*Id.* at 6 (emphasis added)).

On May 25, 2022, the Court scheduled a pre-motion conference for June 15, 2022. (Dkt. 25). After both sides presented arguments, the Court gave Defendants permission to file their Motion to Dismiss. (Dkt. 27). In one final attempt to avoid motion practice, Defendants sent Mr. Burke yet another letter on June 16, 2022, giving him and the Plaintiff one last chance to dismiss this frivolous lawsuit or else the Defendants would seek sanctions. Moreover, Defendants expressly informed Mr. Burke that his client, also a lawyer, lied to the Court during the pre-motion conference in an effort to avoid dismissal of her claims on statute of limitations grounds:

> Perhaps even more concerning is the fact that your client – an NYU Law School graduate with over 25 years of experience – lied to a Federal Judge by stating that she did not learn of my alleged "interception" of her text messages until March 20, 2020, when that is demonstrably false. As will be made abundantly clear in our upcoming motion to dismiss (should you refuse to dismiss this frivolous action), Ms. Kassenoff knew of the alleged interception as least as of June 5, 2019 when I filed a motion in the Matrimonial Action seeking temporary sole legal and physical custody of our children. (NYSCEF # 39). . . . If that was not clear enough, Ms. Kassenoff filed her motion in the Matrimonial Action seeking various forms of relief, based upon my alleged "interception," on March 9, 2020 – more than two years before you filed the instant action. (NYSCEF #314). . . .
>
> *This is our last offer to you and your client to drop this baseless suit. Please confirm by Monday June 20, 2022 that you will be dismissing the Complaint with prejudice. Should you fail to do so, we reiterate that we will be filing a motion for sanctions and attorney's fees from you and your client (assuming the Court grants our motion to dismiss) and will be including the above facts in that motion.*

(June 16, 2022 Letter from A. Kassenoff to H. Burke at 1-2 (emphasis added)).

"[U]nder [28 U.S.C.] section 1927, a court may require any attorney who so multiplies the proceedings in any case unreasonably and vexatiously to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Jimenez v. City of N.Y.*, 162 F. Supp. 3d 173, 179 (S.D.N.Y. 2015). "Bad faith is the key element in the imposition of § 1927 sanctions." *Garcia De Leon v. N.Y. Univ.*, 2022 WL 2981367, at *2 (S.D.N.Y. July 28, 2022). Additionally, "[t]he federal district courts are vested with an inherent power to impose sanctions. Sanctions imposed pursuant to the court's inherent authority are proper when a party uses the judicial forum for improper purposes or abuses the judicial process." *Id.* Critically, "[t]he court's inherent sanction power is broader than its power to impose sanctions under either Rule 11 or 28 U.S.C. § 1927. Whereas courts are statutorily authorized to sanction attorneys, courts may sanction an attorney, a party, or both pursuant to its inherent power." *Id.* Because Plaintiff filed this action in bad faith *and* for the improper purpose of harassment, Defendants respectfully request a pre-motion conference in advance of filing a motion for sanctions of both the Plaintiff and her counsel, Mr. Burke.

Sincerely,

/s/ *Allan Kassenoff*                      /s/ *Constantine G. Dimopoulos*

Allan Kassenoff                          Constantine G. Dimopoulos

Plaintiff is to respond to this letter by 4/5/23.

So Ordered.

*[signature]*

3/29/23