# LAW OFFICES OF HAROLD R. BURKE
POST OFFICE BOX 4078
GREENWICH, CONNECTICUT 06831
4 STONEWALL CIRCLE
WEST HARRISON, NEW YORK 10604
WWW.BURKE-LEGAL.COM

MEMBER, STATE AND FEDERAL BARS OF
CONNECTICUT AND NEW YORK

TELEPHONE (203) 219-2301
FACSIMILE (203) 413-4443
E-MAIL HRB@BURKE-LEGAL.COM

VIA CM/ECF

May 10, 2023

Hon. Kenneth M. Karas
United States District Court
300 Quarropas Street, Chambers 533
White Plains, New York 106001-4150

Re: Catherine Kassenoff v. Allan Kassenoff et al. 7:22-CV-002162-KMK

Dear Judge Karas:

    I represent the plaintiff Catherine Kassenoff in this action. This letter is in response to the Court's order dated May 2, 2023.

    First, my failure to respond to earlier communications stems from an issue, only recently resolved, that involved my temporary use of another e-mail address, i.e., hburke@mayalaw.com, during the brief period that I was associated with the law firm of Maya Murphy. Following my departure from Maya Murphy, I understood and believed that CM/ECF communications to my previous and now current e-mail address, hrb@burke-legal.com, had been reinstated. However, in mid-April I discovered that this was not the case and that all email notifications regarding my federal matters had continued to be transmitted to my old, but closed, email address, hburke@mayalaw.com.

    In addition to my not receiving notifications in the *Kassenoff* matter until after April 12th, this error also resulted in my missing the issuance of an appealable final order dated March 9th in the matter of *Zaratzian v. Abadir*, 7:22-CV-05343(VB). Fortunately, Judge Briccetti granted my motion for an extension of time within which to file an appeal. Accordingly, I extend my apologies to the Court and counsel for the delay occasioned by this mix-up.

    With respect to the substantive issue of Mr. Kassenoff''s filing a motion for sanctions against me and/or my client, I have reviewed his letter dated March 29, 2023 and find much to disagree with, especially his contention that this federal action was commenced "merely to harass defendants" or for some other improper purpose, and as such was frivolous or vexatious. As a litigant he, of course, retains at all times his right to pursue sanctions under Fed. R. Civ. P. 11 and/or 28 U.S.C. §1927 if he truly believes that such relief is warranted. In so doing, however, he risks subjecting himself to a similar motion.

1

I will limit my comments, at this time, to my initial analysis of the claims I presented in the complaint as filed. While I was certainly aware of the matrimonial court's earlier decision regarding the admission and use of my client's email and text communications, this decision was rendered in the absence of both an evidentiary hearing and my client's ability to conduct discovery, take depositions or have an expert witness of her choosing review any evidence supporting a claim of illegal eavesdropping. In fact, through my own experience in the Westchester Supreme Court matrimonial part I am aware of standing policies in which litigants have been denied requests for evidentiary hearings including matters involving fundamental rights in which facts are contested. It is a common practice for contested matters, such as this case, to be resolved solely on the basis of "facts" set forth in conflicting affidavits. The right to cross-examination ordinarily afforded litigants in other forums is absent in these cases.

My review of New York case law on the issues of res judicata and collateral estoppel led me to believe and conclude that my client's right to seek redress pursuant to 18 U.S.C. §2510 *et al.* had not necessarily been foreclosed by the earlier state court decision because my client had been deprived of a full and fair opportunity to address all of the issues ordinarily presented in a civil action to recover for Wiretap Act violations.

Thank you for your consideration and I request that a pre-motion conference be scheduled.

Very truly yours,

Harold R. Burke

HRB/st

cc. Allan Kassenoff (kassenoffa@gtlaw.com)
Lisa Lynn Shrewsberry (lshrewsberry@traublieberman.com)