# LAW OFFICES OF HAROLD R. BURKE

POST OFFICE BOX 4078
GREENWICH, CONNECTICUT 06831
-
4 STONEWALL CIRCLE
WEST HARRISON, NEW YORK 10604
WWW.BURKE-LEGAL.COM

MEMBER, STATE AND FEDERAL BARS OF
CONNECTICUT AND NEW YORK

TELEPHONE (203) 219-2301
FACSIMILE (203) 413-4443
E-MAIL HRB@BURKE-LEGAL.COM

Via CM/ECF

July 20, 2023

Hon. Kenneth M. Karas
United States District Court
300 Quarropas Street, Chambers 533
White Plains, New York 106001-4150

Re: *Catherine Kassenoff v. Allan Kassenoff et al.* 7:22-CV-002162-KMK

Dear Judge Karas:

     This letter is in response to your Order seeking input on the effect, if any, of the Plaintiff's death on any post-judgment proceedings.

     The underlying federal claim, dismissed by this Court, rested upon an interlocutory decision and order of the Westchester Supreme Court which was later upheld on appeal. While this interlocutory order constituted the "law of the case" and would ordinarily bind the parties during the pendency of the divorce proceedings, such rulings are not necessarily final. Interlocutory orders can be revisited and amended by a successor judge, *People v. Evans*, 94 N.Y.2d 499, 727 N.E.2d 1232 (2000), or in the absence of a final judgment will be rendered a null and void due to death or discontinuance of the action. *Forgione v. Forgione*, 231 A.D.2d 603, 647 N.Y.S.2d 811 (2d Dep't 1996); *Bannon v. Bannon*, 270 N.Y. 484, 490 1 N.E.2d 975 (1936).

     There can be no argument that plaintiff's death voids the underlying interlocutory order. Does this in any way impact the judgment of this Court dismissing this action? Clearly, the plaintiff's death post-judgment does not directly implicate the validity of the judgment of dismissal. However, the legal rationale undergirding the dismissal, that the interlocutory order was res judicata, while deemed warranted no longer exists as a matter of law or fact. The undersigned submits that given the plaintiff's death extraordinary circumstances exist that arguably warrant the Court's consideration of relief pursuant to Fed. R. Civ. P. 60(b). However, such relief could only be pursued if a legal representative is formally appointed to represent the deceased plaintiff's interests. The same issue exists with respect to the appointment of a legal representative to conduct the appeal.

Respectfully,

Harold R. Burke

HRB/st

cc.   Allan Kassenoff (kassenoffa@gtlaw.com)
      Lisa Lynn Shrewsberry (lshrewsberry@traublieberman.com)
      Wayne Baker (federallitigator@gmail.com)

Defense is to respond to this letter by 7/28/23.

So Ordered.

7/21/23