# LAW OFFICES OF HAROLD R. BURKE

POST OFFICE BOX 4078
GREENWICH, CONNECTICUT 06831
4 STONEWALL CIRCLE
WEST HARRISON, NEW YORK 10604
WWW.BURKE-LEGAL.COM

MEMBER, STATE AND FEDERAL BARS OF
CONNECTICUT AND NEW YORK

TELEPHONE (203) 219-2301
FACSIMILE (203) 413-4443
E-MAIL HRB@BURKE-LEGAL.COM


August 8, 2023

Hon. Kenneth M. Karas
United States District Court
300 Quarropas Street, Chambers 533
White Plains, New York 106001-4150

Re: Catherine Kassenoff v. Allan Kassenoff et al. 7:22-CV-002162-KMK

Dear Judge Karas:

This letter is in response to Mr. Kassenoff's letter dated July 28, 2023. I will limit my observations and comments to Mr. Kassenoff's claims of frivolity and harassment.

First, the underlying complaint was filed shortly before the two-year statute of limitations expired for alleged violations of the Electronic Communications Privacy Act, i.e., the Wiretap and the Stored Communications Acts. The interlocutory decision and order earlier issued by New York State Supreme Court Justice Quinn-Koba was then on appeal. Accordingly, absent the filing of the ECPA claims, a subsequent reversal of Justice Quinn-Koba's decision and order, the statute of limitations would have expired with respect to any relief under the ECPA. Moreover, and based upon my review of New York law, the failure of Justice Quinn-Koba to conduct an evidentiary hearing on the substantive issues of "interception" and "consent" implicated serious due process considerations questioning whether *res judicata* could be warranted. These facts, questions and issues lead me to conclude that this complaint and its filing was neither frivolous nor otherwise improper.

In terms of Rule 11's applicability to pleadings filed for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation", this federal action was commenced to vindicate what I believed to be federally protected privacy rights. As I did not represent my former client at any point in her state court matrimonial proceedings, my awareness of what was occurring was second-hand, and I viewed with detachment what was then happening or not happening. Based upon my own experiences in the Westchester Supreme Court Family Part, nothing she presented to me regarding her case was truly shocking, surprising or unexpected; it was typical Westchester.

To the extent that Mr. Kassenoff is claiming that the federal filing was part of a grander and broader scheme to harass or vex him, as suggested by his reference to several cases that she initiated, the only matters that I am aware of are Nos. 2 and 5. And, I had no involvement in either of these

matters. Although I have not seen the complaint, I recollect that Case No. 2 stems from my former client having been arrested based upon false allegations Mr. Kassenoff presented to the Larchmont Police Department; the charges were dismissed by the Westchester County District Attorney. Case No. 5 related to allegations that Dr. Adler sought to alienate the Kassenoff children from their mother.

As for the Estate of Catherine Kassenoff, the executor is Wayne Baker of Albuquerque, New Mexico, an attorney who previously worked with my former client at the Office of the U.S. Attorney in Brooklyn. I am not involved in any aspect of probate and do not speak for the Estate. Any question of whether her estate will or will not continue to be involved in the litigation she commenced, should be directed to Attorney Baker. I understand that Mr. Kassenoff has communicated with him via email.

My reading of Rule 11 is that its scope is limited to federal filings and proceedings. In terms of the broader issues of harassment claimed by Mr. Kassenoff, any suggestion or intimation that I orchestrated, facilitated, or encouraged what has transpired since May 27, 2023, or that these events are somehow tied to a federal court filing made in March 2022, may quite well be the subject of another Rule 11 filing, mine.

Prior to May 27, 2023, I was not aware of my former client's then medical status, what she was apparently contemplating, let alone the steps she had undertaken to initiate the publication of her evidence memorializing Mr. Kassenoff's actions towards her. To the extent that Mr. Kassenoff believes that such evidence and statements are defamatory, he is free to sue the Estate in a state court, as any such claims clearly fall outside the scope of Rule 11 and the jurisdiction of a United States federal court.

Mr. Kassenoff references Robert Harvey, a TikTok influencer, and claims that he launched a "smear campaign" against him. I do not know Mr. Harvey, nor have I ever had a TikTok account or subscription. I have not spoken to Mr. Harvey, nor have I provided any information to him. As for how Mr. Harvey obtained access to video clips showing Mr. Kassenoff engaging with his wife, that would be a question for Mr. Harvey, but in another forum.

Mr. Kassenoff further claims to have spoken with a Dr. Devika Gajria of Memorial Sloan Kettering, formerly his wife's oncologist. According to Mr. Kassenoff, Dr. Gajria "confirmed" (to him) that my client "did not have cancer (let alone terminal cancer)" as of November 2022. This comment is quite curious given that the Health Insurance Portability and Accountability Act ("HIPAA") would ordinarily prohibit any such disclosure in the absence of a valid written authorization from the patient. The question of what Dr. Gajria said, knew and revealed also raises issues far outside the scope of what this Court can provide Mr. Kassenoff. (I understand that Mr. Kassenoff attempted to obtain his late wife's medical information via the family court. However, Judge Capeci corrected recognized that upon Ms. Kassenoff's death the proceeding abated and that the court no longer possessed the jurisdiction to issue a subpoena or demand the production of such documents.)

Given that Mr. Kassenoff seeks permission to file a Rule 11 motion, it warrants acknowledgement that Mr. Kassenoff anticipates being able to make discovery requests and serve subpoenas. It should be noted that Rule 11 does not specifically permit or authorize such requests. Moreover, the Notes of Advisory Committee on Rules—1983 Amendment references such ancillary proceedings:

> To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.

Courts addressing whether pre-motion discovery is permissible in Rule 11 proceedings have uniformly rejected or denied such requests. *See In re Commodity Exch., Inc. Gold Futures & Options Trading Litig.*, 2021 U.S. Dist. LEXIS 113760, 2021 WL 2481835 (S.D.N.Y. June 17, 2021)(denying request for "satellite discovery" without prejudice) *citing Burbidge Mitchell & Gross v. Peters*, 622 F. App'x 749, 758 (10th Cir. 2015). Obtaining discovery as anticipated by Mr. Kassenoff is the rare exception and not the rule in these circumstances.

I have no objection to the schedule proposed by Mr. Kassenoff.

Thank you for your consideration.

Respectfully,

Harold R. Burke

HRB/st

cc. Allan Kassenoff (kassenoffa@gtlaw.com)
Lisa Lynn Shrewsberry (lshrewsberry@traublieberman.com)