Allan Kassenoff, Esq.
161 Beach Avenue
Larchmont, NY 10538
akassenoff@yahoo.com
(917) 623-8353

August 9, 2023

**VIA ECF**

The Honorable Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *Catherine Kassenoff v. Allan Kassenoff et al.*
      **Case No. 7:22-CV-002162-KMK (S.D.N.Y.)**

Dear Judge Karas:

I write in response to Mr. Burke's August 9, 2023 amended letter (Dkt. 70). Mr. Burke first attempts to defend his filing of the Complaint in this action by recycling the same arguments he made in opposition to Defendants' Motion to Dismiss – namely, that "the failure of Justice Quinn-Koba to conduct an evidentiary hearing on the substantive issues of 'interception' and 'consent' implicated serious due process considerations questioning whether *res judicata* could be warranted [and led him] to conclude that this complaint and its filing was neither frivolous nor otherwise improper." (Dkt. 70 at 1). Your Honor considered that argument and properly rejected it. If Mr. Burke would like to present that argument again in response to Mr. Kassenoff's motion for sanctions, he is free to do so.

Mr. Burke then devotes the vast majority of his letter to Rule 11 of the Federal Rules of Civil Procedure. However, Mr. Kassenoff is ***not*** seeking sanctions under Rule 11. To the contrary, as set forth in Mr. Kassenoff's March 28, 2023 pre-motion conference letter, the contemplated motion would be "for sanctions under 28 U.S.C. § 1927 and the Court's inherent powers." (Dkt. 47). Nowhere does that letter (or any other letter submitted by Mr. Kassenoff) state – or even suggest – that he will be seeking sanctions under Rule 11.

Mr. Burke also attempts to justify his frivolous filing of this lawsuit by claiming that he "did not represent [his] former client at ***any*** point in her state court matrimonial proceedings [and, thus, his] awareness of what was occurring was second-hand." (Dkt. 70 at 1 (emphasis added)). In addition to being irrelevant, this is not even true. To the contrary, on May 13, 2022, Mr. Burke filed a Consent to Change Attorney to represent Ms. Kassenoff in the pending appeal of Judge Koba's July 11 Order – the very Order that formed the basis of Defendants' *res judicata* defense – and argued that appeal at the Appellate Division. To the extent Mr. Burke could have previously argued that he was somehow unaware of Judge Koba's July 11 Order – despite

1

Defendants' numerous letters explaining the frivolity of this action and whatever due diligence he performed prior to filing the Complaint – he certainly could no longer do so once he became Ms. Kassenoff's attorney in the pending appeal. And, as this Court knows, Mr. Burke continued litigating this frivolous action even after May 13, 2022.

Perhaps most alarming is Mr. Burke's statement that he is "not involved in any aspect of probate and do[es] not speak for the Estate. Any question of whether her estate will or will not continue to be involved in the litigation she commenced, should be directed to Attorney Baker." (*Id.* at 2). Your Honor instructed Mr. Burke at the end of May to find out whether or not Ms. Kassenoff's estate will continue this litigation. For him to simply say – after 2 ½ months of purportedly looking into that question – "find out yourself" is outrageous. Moreover, Mr. Kassenoff has called Mr. Baker numerous times, leaving voicemails each time asking Mr. Baker to call him back. Mr. Baker has failed to do so.

Finally, Mr. Burke suggests that Mr. Kassenoff should not be permitted to take the limited discovery requested in his July 28, 2023 letter (Dkt. 66). According to Mr. Burke, "[c]ourts addressing whether pre-motion discovery is permissible in Rule 11 proceedings have uniformly rejected or denied such requests." (*Id.* at 3). First, as explained above, Mr. Kassenoff is not seeking sanctions under Rule 11. Second, even if he were moving under Rule 11, the excerpt from the Notes of Advisory Committee on Rules–1983 Amendment quoted by Mr. Burke expressly permits discovery: "discovery should be conducted only by leave of the court, and then only in extraordinary circumstances." Here, Mr. Kassenoff sought leave of Court in his July 28, 2023 letter and, as explained in that letter, these are in fact "extraordinary circumstances."

In sum, Mr. Kassenoff respectfully requests that the Court enter the schedule proposed in his July 28, 2023 letter, including the opportunity to take the limited discovery described therein. (Dkt. 66).

Thank you very much in advance.

Sincerely,

/s/ *Allan Kassenoff*

Allan Kassenoff