UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CATHERINE KASSENOFF,

                       Plaintiff,

      v.

ALLAN KASSENOFF, CONSTANTINE G.
DIMOPOULOS, *and* DIMOPOULOS
BRUGGEMANN PC,

                     Defendants.

No. 22-CV-2162 (KMK)

<u>ORDER</u>

---

KENNETH M. KARAS, United States District Judge:

Catherine Kassenoff ("Plaintiff") filed this Action pursuant to the Electronics

Communications Privacy Act, 18 U.S.C. § 2510, et seq., the Stored Communications Act, 18

U.S.C. § 2701, et seq., N.Y. Penal Law § 250.05, and New York common law against Allan

Kassenoff ("Defendant")—as well as Constantine G. Dimopoulos and Dimopoulos Bruggemann

PC—alleging unlawful interception, storage, access, and disclosure of Plaintiff's electronic

communications, trespass to chattels, and prima facie tort.  (*See generally* Compl. (Dkt. No. 3).)

The Court dismissed the Complaint in its entirety on March 27, 2023, on the ground that

Plaintiff's claims are barred under the doctrine of res judicata.  (*See* Op. & Order 12–16 ("MTD

Op.") (Dkt. No. 45).)[1]  Before the Court is Defendant's Motion for Sanctions pursuant to 28

U.S.C. § 1927 and the Court's inherent powers (the "Motion") against both Plaintiff's estate[2] and

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number at the upper
right-hand corner of all documents.

[2] As discussed below, Plaintiff unfortunately passed away on May 27, 2023.  (*See* Letter
from Harold Burke, Esq. to Court (July 6, 2023) (Dkt. No. 60).)  Thus, Defendant "is seeking

Plaintiff's counsel ("Mr. Burke").  (*See* Not. of Mot. (Dkt. No. 73).)  Co-Defendants Dimopoulos and Dimopoulos Bruggemann PC have not joined in Defendant's Motion.  (*See generally* Dkt.)  For the reasons set forth below, Defendant's Motion is denied.

## I.  Background

The Court assumes the Parties' familiarity with the factual and procedural background of this case as set forth in the March 27, 2023 MTD Opinion, (*see* MTD Op. 3–5), and recounts the subsequent procedural background only to the extent necessary to resolve the instant Motion. On March 28, 2023, just one day after the Court issued its MTD Opinion, Defendant filed a pre-motion letter seeking leave to file the instant Motion.  (*See* Letter from Allan Kassenoff, Esq. to Court (Mar. 28, 2023) (Dkt. No. 47).)  Mr. Burke responded to Defendant's letter on May 11, 2023.  (*See* Letter from Harold Burke, Esq. to Court (May 11, 2023) (Dkt. No. 55).)[3]  The Court scheduled a pre-motion conference for May 26, 2023, and that conference was ultimately held on May 30, 2023.  (*See* Dkt. No. 56; *see also* Dkt. (minute entry for May 30, 2023).)

In light of a notification suggesting that Plaintiff had died, during the May 30, 2023 conference the Court directed Mr. Burke to submit a status letter by no later than June 6, 2023. (*See* Dkt. (minute entry for May 30, 2023).)  Mr. Burke responded on June 5, 2023, indicating that Plaintiff had "advised [on May 27, 2023] that she was in Switzerland and would be ending her life with assistance," but that he could not formally confirm her death.  (*See* Letter from Harold Burke, Esq. to Court (June 5, 2023) (Dkt. No. 58).)  After the Court stayed the case to

---

sanctions from [Plaintiff's] estate."  (*See* Mem. of Law in Supp. of Mot. ("Def's Mem.") 5 n.1 (Dkt. No. 75).)

[3] In the interim, Defendant had submitted a follow-up letter, asking that the Court waive the requirement for a pre-motion conference in light of the fact that Mr. Burke had not responded to his pre-motion letter by April 5, 2023, as the Court had previously directed.  (*See* Letter from Allan Kassenoff, Esq. to Court (Apr. 26, 2023) (Dkt. No. 52).)  By Memo Endorsement, the Court then directed Mr. Burke to respond to that letter by May 10, 2023.  (*See* Dkt. No. 54.)

allow Mr. Burke to confirm Plaintiff's death, (*see* Dkt. No. 59), Mr. Burke followed up with the Court on July 6, 2023, indicating that he "received a notification from the United States Consulate dated June 21, 2023 that [Plaintiff] died on May 27, 2023 in Liestal, Switzerland," (*see* Letter from Harold Burke, Esq. to Court (July 6, 2023)).

Following Mr. Burke's confirmation, the Court directed Mr. Burke and Defendant to outline their positions as to next steps in this case.  (*See* Dkt. Nos. 61, 63, 67.)  As relevant here, Mr. Burke and Defendant eventually agreed to a briefing schedule for the instant Motion, which the Court adopted.  (*See* Dkt. No. 72.)[4]  Pursuant to that briefing schedule, Defendant filed his Motion on September 15, 2023.  (*See* Not. of Mot.; Decl. of Allan Kassenoff (Dkt. No. 74); Def's Mem.)  After belatedly requesting, and then receiving, an extension of time to file his response, (*see* Dkt. Nos. 77–78),[5] Mr. Burke filed an opposition on his own behalf on November 6, 2023, (Aff. of Harold Burke in Opp'n to Mot. ("Burke Aff.") (Dkt. No. 79)).  No opposition was filed on behalf of Plaintiff's estate.  (*See generally* Dkt.)  Defendant filed his reply on November 15, 2023.  (Reply Decl. of Allan Kassenoff in Supp. of Mot. ("Def's Reply Decl.") (Dkt. No. 80); Reply Mem. in Further Supp. of Mot. ("Def's Reply") (Dkt. No. 81).)

## II.  Discussion

In his Motion, Defendant asks that the Court impose sanctions on Mr. Burke pursuant to 28 U.S.C. § 1927 "and/or the Court's inherent power" and against Plaintiff "under the Court's inherent power."  (Def's Mem. 23.)  Specifically, Defendant—who is an attorney and proceeded pro se in this Action—requests that, at minimum, the Court award $210,787.50 in monetary

---

[4] When adopting this briefing schedule, the Court separately denied Defendant's requests for leave to exceed the Court's page limit in his opening brief and to conduct pre-motion discovery.  (*See* Dkt. No. 72.)

[5] Defendant received a corresponding extension of time to file his reply as well.  (*See* Dkt. No. 78.)

sanctions, which is an amount equal to the attorney's fees he would have accrued if he had been paid for the 192.5 hours he asserts that he spent working on this case and billed that time at the $1,095.00 hourly rate he received in 2022 at the law firm with which he was formerly associated. (*See* Def's Reply 13 n.6.)[6]

28 U.S.C. § 1927 provides that:

Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"[A]n award under § 1927 is proper only 'when there is a finding of conduct constituting or akin to bad faith.'" *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 591 (2d Cir. 2016) (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 180 (2d Cir. 2004)); *see also Cody v. Charter Commc'ns, LLC*, No. 17-CV-7118, 2020 WL 3639935, at *9 (S.D.N.Y. July 6, 2020) (same). "The attorney's actions must be 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Zurich Am. Ins.*, 811 F.3d at 591 (quoting *State St. Bank*, 374 F.3d at 180).

Similarly, "[a] district court has the inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Hinds v. County of Westchester*, No. 11-CV-7265, 2020 WL 7046843, at *5 (S.D.N.Y. Dec. 1, 2020) (quoting *In re Ski Train Fire in Kaprun Austria on Nov. 11, 2000*, MDL No. 1428, 2007 WL 2398697, at *5 (S.D.N.Y. Aug. 16, 2007)). "This authority stems from the very nature of the

---

[6] Given that Defendant has merely made his Motion, it is not entirely clear to the Court why he submitted a claim for "approximately $185,000" in the probate proceeding in Westchester County Surrogate's Court relating to Plaintiff's will for "[p]ayment for sanctions and/or legal fees resulting from [this Action.]" (*See* Def's Reply Decl. Ex. 3 at 7–8.) His success on this Motion was never a foregone conclusion.

The Court also notes the Defendant has made no effort at all to demonstrate that his asserted $1,095.00 hourly billing rate is reasonable or appropriate in this context.

courts and their need to be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *In re Ski Train Fire*, 2007 WL 2398697, at *5). In addition to parties, courts may also sanction attorneys pursuant to their inherent powers. *See Garcia De León v. N.Y. Univ.*, No. 21-CV-5005, 2022 WL 2981367, at *2 (S.D.N.Y. July 28, 2022) (citing *Pac. Elec. Wire & Cable Co. v. Set Top Int'l, Inc.*, No. 03-CV-9623, 2005 WL 2036033, *4 (S.D.N.Y. Aug. 23, 2005)).  These inherent powers "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

"To impose sanctions under either [§] 1927 or its inherent authority, 'a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay.'" *Keung v. Patisseries Saines Corp.*, No. 22-CV-3725, 2023 WL 4487728, at *5 (S.D.N.Y. July 12, 2023) (italics omitted) (quoting *Schlaifer Nance & Co., Inc. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)); *see also Sire Spirits, LLC v. Green*, No. 21-CV-7343, 2023 WL 1516574, at *3 (S.D.N.Y. Feb. 3, 2023) (same); *Artemov v. TransUnion, LLC*, No. 20-CV-1892, 2020 WL 6146624, at *4 (E.D.N.Y. Oct. 20, 2020) (same, and explaining that "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both" (alteration omitted) (quoting *Abreu v. Receivable Collection Servs., LLC*, No. 18-CV-4103, 2019 WL 1876722, at *2 (E.D.N.Y. Apr. 26, 2019))).[7]  "[A]

---

[7] Given that "the decision to impose sanctions is uniquely within the province of a district court," *Schlaifer Nance*, 194 F.3d at 334, district courts' decisions to impose (or not to impose) sanctions pursuant either to their inherent powers or to § 1927 are reviewed for abuse of discretion, *see Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) (inherent powers); *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (§ 1927).

showing of bad faith *by clear and convincing evidence* is a prerequisite to imposing sanctions under *both* § 1927 and the district court's inherent authority." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 286 n.22 (2d Cir. 2021) (emphases added).

In support of his Motion, Defendant asserts that this Action was clearly frivolous "from the start" because a state trial court had already determined that certain of Plaintiff's (now-dismissed) claims here lacked merit *before* Plaintiff filed the Complaint, such that those claims were barred under the doctrine of res judicata. (Def's Mem. 23–24; *see also* MTD Op. 12–13 (agreeing that res judicata applied in this case because a state court "adjudicated the exact same dispute on the same facts against the same parties and reached a judgment on the merits").) Defendant also argues that Plaintiff and Mr. Burke's decision to file this Action—which in his view was plainly precluded—evidences their bad faith, especially given that he warned them that the case was precluded and that he would move for sanctions unless they voluntarily dismissed this Action no less than six times. (*See* Def's Mem. 24, 26.) To further demonstrate bad faith on the part of Plaintiff, Defendant describes in great detail how she filed two additional lawsuits and a petition for a writ of habeas corpus against him in state court; filed two grievances against him before the Attorney Grievance Committee; and served an "incredibly broad" subpoena on the law firm that employed Defendant, which purportedly led to his termination. (*See id.* at 14–21, 27.)

In response, Mr. Burke argues that, although he understood when Plaintiff retained him that a state court had rendered a decision on certain of Plaintiff's claims ultimately raised here, he believed that the state court's decision was procedurally deficient. (*See* Burke Aff. ¶¶ 6–9.) Additionally, Mr. Burke contends that he believed he needed to file Plaintiff's Complaint in

federal court when he did—even while the state court case was pending on appeal—in order to avoid the expiration of the applicable statute of limitations.  (*See id.* ¶¶ 7, 9.)

Beginning with Plaintiff's estate,[8] Defendant points the Court to no authority whatsoever suggesting that it is appropriate to sanction a deceased party or their estate.  Indeed, there is authority to the contrary in other contexts.  *See Sakon v. Andreo*, 119 F.3d 109, 114–15 (2d Cir. 1997) (reversing the imposition of sanctions against a party's attorney because, among other reasons, the attorney's death made it impossible to grant her an opportunity to be heard); *16 Casa Duse, LLC v. Merkin*, No. 12-CV-3492, 2020 WL 2833848, at *4–5 (S.D.N.Y. June 1, 2020) (declining to award sanctions against a deceased attorney pursuant to § 1927 for similar reasons), *vacated on other grounds*, 2020 WL 3429154 (S.D.N.Y. June 23, 2020).  Here too, the Court concludes that it would be inappropriate to find that Plaintiff engaged in bad faith where the Court is necessarily precluded from hearing her side of the story, particularly given that there is no evidence in the record tending to suggest that Plaintiff divulged her motivation and rationale for suing Defendant and filing grievances against him to Mr. Burke or anyone else.  In short, and mindful that "courts should impose sanctions pursuant to their inherent authority only in rare circumstances," *Yukos Cap.*, 977 F.3d at 235, the Court declines to exercise its inherent authority to impose sanctions on Plaintiff's estate, *see Chambers*, 501 U.S. at 44 ("Because of their very potency, inherent powers must be exercised with restraint and discretion.").[9]

---

[8] Notwithstanding Defendant's complaints regarding the purported failure of Plaintiff's estate to oppose his Motion, (*see* Def's Reply 5–6), it is not at all clear to the Court that an estate could effectively rebut allegations in a sanctions motion as to a decedent's bad faith.

[9] The Court finds Defendant's citations to lay assertions about Plaintiff made by Defendant's counsel in other proceedings—such as that she was "deeply, deeply troubled" and "mentally unbalanced," (*see* Def's Mem. 17–18 (italics omitted))—to be unconvincing, especially given that Plaintiff is not able to rebut them.

Turning to Mr. Burke, the Court likewise denies Defendant's application for sanctions as against him.  As an initial matter, even Defendant admits that Mr. Burke had nothing to do with the majority of the ostensibly "harassing" actions that he claims Plaintiff undertook.  (*See* Def's Mem. 27 (explaining that Mr. Burke's "conduct has been limited to the instant Action as well as the appeal [in a duplicative state court case]").)  At most, Defendant demonstrates only that Mr. Burke initiated this Action on Plaintiff's behalf and that this Action was barred under the doctrine of res judicata.  To be sure, Defendant points to a number of cases where courts have sanctioned plaintiffs and attorneys who have filed lawsuits that are plainly subject to claim preclusion.  (*See* Def's Mem. 24–26.)  But none of those cases *requires* this Court to impose sanctions under § 1927 or its inherent authority when faced with such a situation.  *See, e.g.*, *Paganucci v. City of New York*, 993 F.2d 310, 312 (2d Cir. 1993) (affirming imposition of sanctions against the plaintiffs' counsel under Rule 11 of the Federal Rules of Civil Procedure where certain plaintiffs' claims were clearly precluded *and* counsel had "demonstrated an utter lack of regard in the face of repeated [judicial] admonitions concerning the lack of merit of his claims and the perils of further pursuing them"); *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 202 F. Supp. 2d 126, 138–42 (S.D.N.Y. 2002) (exercising the court's discretion to impose sanctions under Rule 11, but not § 1927, where the plaintiff and their attorney filed claims that were obviously precluded); *see also Davey v. Dolan*, 453 F. Supp. 2d 749, 757–58 (S.D.N.Y. 2006) (similar).  Again, the decision to sanction a party pursuant to § 1927 or a court's inherent authority is left entirely to that court's discretion.  *See Yukos Cap.*, 977 F.3d at 235 ("The imposition of sanctions pursuant to a court's inherent authority is truly discretionary."); *see also Keung*, 2023 WL 4487728, at *5 (stating that "[t]he [c]ourt has discretion to decide whether to impose sanctions under . . . § 1927 and its inherent authority" (first alteration in original)

(quoting *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 634 (S.D.N.Y. 2016))); *Arclightz & Films Pvt. Ltd. v. Video Palace, Inc.*, No. 01-CV-10135, 2003 WL 22434153, at *7 (S.D.N.Y. Oct. 24, 2003) (explaining that "§ 1927 by its terms (*may* be required) confides an award of fees against counsel to the [c]ourt's discretion" (emphasis in original) (quotation marks omitted)).  Indeed, "[e]ven where wrongdoing has occurred, 'the court is not required to sanction a party or attorney.'"  *Yuan v. & Hair Lounge Inc.*, No. 18-CV-11905, 2023 WL 6807310, at *7 (S.D.N.Y. Oct. 13, 2023) (quoting *Yukos Cap.*, 977 F.3d at 235).  And here, Defendant has not established by clear and convincing evidence that Mr. Burke engaged in bad faith; instead, the Court accepts Mr. Burke's representations that he genuinely—if mistakenly—believed Plaintiff had a colorable claim that was not otherwise precluded based on the state court's prior decision then on appeal.[10]

### III.  Conclusion

For the foregoing reasons, Defendant's Motion is denied.  The Clerk of Court is respectfully directed to terminate the pending Motion.  (*See* Dkt. No. 73.)

SO ORDERED.

Dated:    January 25, 2024
            White Plains, New York

 

_____
       KENNETH M. KARAS
      United States District Judge

---

[10] In light of the holding herein, the Court need not address Defendant's additional argument that he is entitled to the sanction of attorney's fees despite having proceeded pro se in this Action.  (*See* Def's Mem. 28–29.)